Albert W. Petersen and Dorothy Ann Petersen v. Commissioner. John L. Beaulieu and Charlotte F. Beaulieu v. Commissioner.
Petersen v. Commissioner
Docket Nos. 2183-63, 2184-63.
United States Tax Court
T.C. Memo 1965-145; 1965 Tax Ct. Memo LEXIS 184; 24 T.C.M. (CCH) 752; T.C.M. (RIA) 65145; May 26, 1965
*184 The petitioners, members of a partnership, caused a corporation to be organized to take over the business of the partnership. At incorporation, there were transferred from the partnership to the corporation most of the tangible assets, all the intangible assets, cash of $1,000, and about half of the merchandise inventory in consideration of the issuance of stock to the partners. After incorporation the partners made cash advances to provide working capital and transferred to the corporation the remainder of the tangible assets and the remainder of the merchandise inventory. On the books and records of the corporation, all these items, as well as certain other payments made by the partnership on behalf of the corporation, were reflected as accounts payable of the corporation. Held, that such accounts payable represented bona fide indebtedness of the corporation and payments made by the corporation in satisfaction thereof in the taxable years 1959 and 1960 did not constitute dividends to the petitioners. Robert E. Tout, 1149 N. El Dorado St., Stockton, Calif., for the petitioners. Daniel Lee Stewart and John O. Hargrove, for the respondent. ATKINS
Memorandum *185 Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax against petitioners Albert and Dorothy Petersen jointly for the taxable year 1959 in the amount of $2,207.36 and a deficiency of $1,191.83 against each of them separately for the taxable year 1960. He determined a deficiency in income tax of $987.19 against each of the petitioners, John and Charlotte Beaulieu for the taxable year 1959 and a deficiency of $2,338.82 against them jointly for the taxable year 1960. The parties have reached agreement as to all issues except the issue of whether amounts paid by a corporation to the petitioners in 1959 and 1960 constituted dividends, as determined by the respondent, or payments in satisfaction of indebtedness, as claimed by the petitioners. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. Petitioners Albert W. and Dorothy Ann Petersen filed a joint income tax return for the taxable year 1959 and each filed separate income tax returns for the taxable year 1960. Petitioners John L. and Charlotte F. Beaulieu each filed separate income tax returns for the taxable year 1959 and a joint return *186 for the taxable year 1960. All the petitioners live in Stockton, California, and all income tax returns were filed with the district director of internal revenue at San Francisco, California. On or about January 1, 1957, the petitioners Albert W. Petersen and John L. Beaulieu (sometimes hereinafter referred to as the partners) organized a partnership called Beaver Chemical Company (hereinafter referred to as the partnership). They operated this business as equal partners. The principal place of business of the partnership was Stockton, California. The partnership was engaged in the ownership, management, and operation of a chemical manufacturing and supply business. Such business consisted of the purchase of raw materials and the manufacture, mixing, packaging, and shipping of the finished product to distributors in 12 western states. The products are used primarily by dairy farms, dairy creameries, and the like, as sanitizing and cleansing chemicals. The partnership filed returns with the district director of internal revenue at San Francisco for its taxable years ended June 30, 1957, June 30, 1958, and June 30, 1959. For such taxable years, the partnership returns showed gross *187 profits of $91,188.62, $101,227.31, and $82,922.23, respectively. The partnership had accounts receivable at June 30, 1957 and June 30, 1958 in the respective amounts of $34,673.19 and $39,713.05. In 1959 the partners organized a corporation under the name of Beaver Chemical Company, Inc. (hereinafter referred to as the corporation), with authorized capitalization of 2,000 shares of common stock of $100 par value per share, to take over the going business of the partnership. At that time, the business was expanding. The articles of incorporation were dated January 21, 1959. On March 1, 1959, the partnership transferred to the corporation, in exchange for 160 shares of its stock issued to the partners equally, [1] certain of its assets consisting of manufacturing, operating, and office equipment of a book value of $4,809.18, inventory having a cost of $10,278.98, cash of $1,000, and its intangible assets, including its formulas, its trade label, and its customer accounts. The partnership had developed a number of products which were sold under the brand label "Beaver" which was registered in each state in which it did business, and which was favorably known to the dairymen in many *188 areas. The intangible assets had substantial value, but neither the partnership nor the corporation recorded on its books any amount on account of the goodwill or other intangible assets. The opening capital stock entries on the books of the corporation are as follows: 1959
3/31
Equipment
$ 6,711.52
Inventory
10,278.98
Capital stock
$15,000.00
Pd in surplus
88.16
Reserve for depreciation
1,902.34
To record transfer of equipment, at book value, and inventory,
from partnership in exchange for 75 sh. each to John Beaulieu
and Al Peterson par value $100.00 common stock 3/31/59.
Stock issued in escrow (Norman Sullivan) 4/21/59. Corp.
charter granted 1/23/59.
3/31
Due Beaver Chemical partnership
$ 1,000.00
Capital stock
$ 1,000.00
To reclassify JE. Cash advanced $500.00 each by John Beaulieu
and Al Peterson for purchase of stock - not as loan.
At March 1, 1959, the partnership had accounts receivable in the amount of $32,750.52 and accounts *189 payable in the amount of approximately $12,000. The accounts receivable and the accounts payable were not transferred to the corporation. The partnership remained in operation for the sole purpose of collecting its accounts receivable and paying its accounts payable. Substantially all the accounts receivable were collected within a period of 60 to 90 days. The corporation set up on its books, as of March 1, 1959, a current liability account entitled "Intra-Company Account with Beaver Chemical Co. (a Ptshp.)" in which were recorded transactions occurring after March 1, 1959, between the partnership and the corporation. The partnership had paid the organizational expenses of the corporation in the amount of $879.24 and such amount was reflected in the intra-company account, as of March 1959, as a liability owing to the partnership. The partnership had also prepaid an amount of $1,128.22 as insurance covering the assets which had been transferred on March 1, 1959, and this amount was also reflected in such account, as of August 31, 1959, as an amount payable to the partnership. The partnership, in March 1959, transferred to the corporation automobiles, on the purchase price of which *190 the partnership had made down payments totaling $400, and the amount of $400 was reflected in the intra-company account, as of March 1959, as a liability owing to the partnership. The partnership also transferred to the corporation some additional equipment and there was entered, as of August 31, 1959, in the intra-company account an amount of $848.80 as a liability owing to the partnership on account thereof. At March 1, 1959, the partnership had merchandise inventory, some of which had been manufactured and some of which had been purchased, having a cost of $20,226.02. As indicated above, $10,278.98 of such inventory was transferred to the corporation in consideration of the issuance of stock to the partners. This was the portion of the inventory which was ready for immediate sale. Ownership of the remaining $9,947.04 of inventory was retained by the partnership, although there was no physical segregation of the portion transferred and the portion retained. The amount of inventory transferred was considered sufficient, together with further inventory which the corporation could obtain from suppliers on short-term credit, [2] to meet the needs of the business for the near future. *191 Although the merchandise inventory which was retained was not immediately needed by the corporation, the partners anticipated that it would ultimately be sold to the corporation at cost. The partners anticipated that, in view of the fact that only $1,000 of cash was contributed to the corporation at organization, the corporation might have need for some short-term working capital. After the corporation was organized the partnership made cash advances to it on the following dates and in the following amounts: Date of Advance
Amount
March 13, 1959
$ 3,000
April 8, 1959
9,000
May 8, 1959
2,000
May 22, 1959
1,000
May 26, 1959
1,000
Total
$16,000 The above advances were made by the partnership out of funds obtained from the collection of the accounts receivable. The advances were *192 recorded in the intra-company account, on the above dates, as accounts payable. At some time, not precisely shown by the record, the corporation acquired from the partnership the remaining merchandise inventory in the amount of $9,947.04. An entry was made, as of August 31, 1959, in the intra-company account to reflect an account payable in the amount of $9,947.04. The following journal entry, dated June 30, 1959, was made on the books of the partnership in that respect: Due from Beaver Chemical
Co., Inc.
$9,947.04
Merchandise inventory
$9,947.04
To charge Corp. for balance of
inventory not transferred to
Corp. at formation 3/1/59, as
this Mdse. not segregated from
Mdse. acquired by Corp. and
therefore co-mingled and sold
by Corp.
The above-mentioned amounts shown as accounts payable in the intra-company account total $29,203.30. The corporation made cash payments to or on behalf of the partnership, or the partners, in the amount of $11,768.79 over the period March to December 1959, and in the amount of $17,434.51 over the period January through April 11, 1960. Such payments are reflected in the intra-company account, leaving no balance shown *193 due and owing to the partnership at April 11, 1960. The largest balance in such account owing to the partnership was $22,530.65 on August 31, 1959, after which the balance steadily decreased. The balances in the intra-company account were not represented by notes, nor was interest paid on such balances. The corporation for its taxable years ended October 31, 1959 and 1960 had accounts receivable at March 31, 1959, October 31, 1959, and October 31, 1960, in the respective amounts of $20,964.96, $45,638.66, and $49,833.36. The corporation also had earned surplus and undivided profits at October 31, 1959 and October 31, 1960, in the respective amounts of $16,989.75 and $27,459.36. At the time the corporation was organized the petitioners, John L. and Charlotte F. Beaulieu, were estranged, an interlocutory decree of divorce having been entered in September 1958. Charlotte F. Beaulieu was seeking a property settlement, including a portion of her husband's partnership interest. The petitioner John L. Beaulieu was concerned about the claims of his wife against the business and for that reason the partners wanted to retain a portion of the partnership assets, instead of transferring *194 them to the corporation. By June 1959, John and Charlotte Beaulieu were reconciled, and the interlocutory decree of divorce was vacated in August 1960. In the notices of deficiency for the taxable year 1959 the respondent determined that the amount of $11,768.79 constituted additional income to the petitioners, $5,884.39 to the petitioners Albert W. and Dorothy Ann Petersen jointly, and $2,942.20 to each of the petitioners John L. and Charlotte F. Beaulieu. In the notices of deficiency for the taxable year 1960 the respondent determined that the amount of $17,434.51 constituted additional income to the petitioners, $8,717.25 to the petitioners John L. and Charlotte F. Beaulieu jointly, and $4,358.63 to each of the petitioners Albert W. Petersen and Dorothy Ann Petersen. His explanation in each instance was that the amount "received by you, representing a return of funds which you had advanced to the Beaver Chemical Co., Inc., constitutes dividend income, * * *." The amounts recorded in the intra-company account represented bona fide indebtedness of the corporation, and the total amounts of $11,768.79 and $17,434.51 paid by the corporation to the partnership in 1959 and 1960 represented *195 payments of such indebtedness. Opinion The respondent contends that the payments made by the corporation to the partnership in 1959 and 1960, namely, $11,768.79 and $17,434.51 did not represent payments of indebtedness owed by the corporation, but, rather, constituted distributions taxable as dividends. The petitioners, on the other hand, maintain that the amounts paid represented repayments of cash loans made by the partners to the corporation, repayments of certain other advances made on behalf of the corporation, and payment for other property which was sold by the partnership to the corporation after its organization. There can be no question that stockholders may advance funds to their corporation in order to provide working capital and thereby create a valid debt. . However, transactions between a corporation and its major stockholders are subject to close scrutiny. The issue whether advances made to a corporation by its stockholders create a debt or constitute capital contributions is essentially one of fact to be decided upon the basis of all the facts and circumstances, no single factor being decisive. ; *196 , affirming a Memorandum Opinion of this Court; , affirming a Memorandum Opinion of this Court; , affd. (C.A. 9), ; ; and , affirming . In determining such issue the courts consider numerous factors, such as the relationship of the parties, entries on the books of the corporation, whether the company is adequately capitalized, whether the funds were advanced with a reasonable expectation of repayment, efforts to enforce collection, etc. See , and , affirming a Memorandum Opinion of this Court, certiorari denied . A major factor in deciding such issue is the true intent of the parties. , and *197 We are satisfied from the evidence that it was the intention of the petitioners, Albert W. Petersen and John L. Beaulieu, and therefore of their partnership and the corporation that the advances made to or on behalf of the corporation and the transfer of the additional equipment and inventory to it should result in the creation of an indebtedness owing by the corporation to the partnership. Although no notes were issued and no interest paid, the various amounts in question were set up on the corporate books as accounts payable. The accountant for the partnership and the corporation, who was consulted and who participated in the incorporation, testified that at the time of the organization of the corporation it was decided by the partners and himself to set up an account on the corporate books to reflect accounts payable by the corporation to the partnership; that such account was a current liability account, payable within a 12-month period; and that the partners directed that the various items in question be entered in such account as accounts payable. He further testified that corresponding current accounts receivable were set up on the books of the partnership. We are also *198 satisfied that there was a reasonable expectation that these amounts would be paid. The cash advances totaling $16,000 were made, and the other transactions giving rise to the remaining recorded liabilities of $13,203.30 occurred during the period from March 1 to December 31, 1959. The business which had been carried on by the partnership had been prosperous and was increasing. Actually, of the total recorded liabilities of about $29,000, the corporation paid nearly $12,000 by the end of 1959 and paid the remaining balance by April 11, 1960. We do not have here the situation of a nominal stock investment and an obviously excessive debt structure, which might indicate that the alleged indebtedness in reality represented a stock interest. At incorporation the corporation received, in consideration for the issuance of its stock, tangible assets of the partners of a book value of about $15,000, the intangible assets of the partnership, and $1,000 in cash contributed by the partners. The intangible assets of the partnership consisted of its formulas, its trade label, and its customer accounts. Each of the partners testified that in his opinion such intangible assets had a fair market *199 value of approximately $100,000. We find it unnecessary to determine the precise fair market value of such intangible assets. Suffice it to say that we believe, and have found as a fact, that such intangible assets had substantial value. Under the circumstances we cannot conclude that the corporation was inadequately capitalized. In view of the foregoing, it is our conclusion, and whe have found as a fact, that the payments in question made by the corporation in the taxable years 1959 and 1960 represented payments of bona fide indebtedness of the corporation. It follows that the respondent erred in treating such payments as dividends. Decisions will be entered under Rule 50. Footnotes
1. The petitioner John L. Beaulieu became president of the corporation and the petitioner Albert W. Petersen became its vice president and secretary-treasurer.↩
2. The credit rating of the partnership at the time of incorporation was such that suppliers of raw materials would extend credit to it in excess of $30,000 on open account for 30 to 60 days, and such credit was available to the corporation after it came into existence. In March 1959, the corporation purchased approximately $20,000 worth of inventory from suppliers on credit.↩